**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4665**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBBIE PAUL HOWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00011-RLV-DCK-1)

Submitted: March 28, 2012                Decided: April 2, 2012

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Robbie Paul Howell was convicted of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2006), and engaging in interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2) (2006). The district court sentenced Howell to a total of 250 months' imprisonment. The sole issue on appeal is whether the Government elicited expert testimony from Shari Gantt, a nurse, concerning the victim's injuries without disclosing or qualifying Gantt as an expert. We affirm.

We "review[] a district court's evidentiary ruling for abuse of discretion." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). A court abuses its discretion if its decision is based on an error of law or clearly erroneous factual findings. Id. "Evidentiary rulings are subject to harmless error review," and we will find an error harmless if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted).

We have observed that "the line between lay opinion testimony under Rule 701 [of the Federal Rules of Evidence] and expert testimony under Rule 702 is a fine one" and "not easy to draw." United States v. Perkins, 470 F.3d 150, 155 (4th Cir.

2

2006) (internal quotation marks omitted). Generally, a lay opinion "must be based on personal knowledge" whereas expert opinion may be based on personal knowledge but must involve "some specialized knowledge or skill or education that is not in possession of the jurors." Id. at 155-56. "Rule 701 forbids the admission of expert testimony dressed in lay witness clothing, but it does not interdict all inference drawing by lay witnesses." Id. at 156. The Advisory Committee's notes explain "that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." Fed. R. Evid. 701 advisory committee notes. Accordingly, "a lay witness with experience could testify that a substance appeared to be blood, but . . . a witness would have to qualify as an expert before [s]he could testify that bruising around the eyes is indicative of skull trauma." Id.; see Perkins, 470 F.3d at 155.

Our review of the record leads us to conclude that the Government elicited expert testimony from Gantt because portions of her testimony required specialized knowledge not in possession of the jurors and that the court's admission of that testimony was error. However, we are convinced that the error was harmless. Relative to the charged offenses, Gantt's testimony supported the inference that Howell had severely

3

beaten his victim.  This fact was well-established by other physical evidence and testimony, including Howell's own admissions to police.  Accordingly, we can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."  Johnson, 617 F.3d at 292.

Based on the foregoing, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4